UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES of AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HENRY C. ROSENAU,<br><br>　　　　　Defendant. | CASE NO. CR06-157 MJP<br><br>ORDER ON MOTION FOR AUTHORIZATION OF WITNESS DEPOSITION |

The Court, having received and reviewed:

1. Government's Motion for Authorization of Witness Depositions (Dkt. No. 27)

2. Defendant's Brief in Opposition to Government's Motion for Authorization of Witness Depositions (Dkt. No. 28)

and all attached declarations and exhibits, makes the following ruling:

IT IS ORDERED that the motion is DENIED.

The party seeking a deposition bears the burden of demonstrating that "exceptional circumstances" require the preservation of testimony through a deposition. United States v. Kelley, 36 F.2d 1118 (D.C. Cir. 1994)(citing United States v. Ismaili, 828 F.2d 153, 159 (3rd

Cir. 1987), *cert. denied*, 485 U.S. 935, 108 S.Ct. 1110 (1988); *accord* United States v. Drogoul, 1 F.3d 1546 911th Cir. 1993).  The government has made no showing of exceptional circumstances.

The denial is without prejudice and the government is free to resubmit the request, accompanied by sufficient corroborating facts to satisfy the "exceptional circumstances" requirement.   Among the questions which came to the Court's mind upon reviewing the motion were:

Is the prospective deponent's refusal to travel to the United States to be deposed merely a personal preference?  Are there any factors which prevent this witness from crossing the U.S. – Canadian border?

What are the circumstances which necessitate preserving this witness's testimony?

Would it be possible, through the use of Skype or some other video conferencing technology, to secure the witness's testimony at trial without the necessity of traveling to Canada for a deposition?

The clerk is ordered to provide copies of this order to all counsel.

Dated September 7, 2011.

Marsha J. Pechman
United States District Judge