# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HENRY C. ROSENAU,<br><br>　　　　　Defendant. | CASE NO. CR06-157MJP<br><br>ORDER DENYING DEFENDANT'S MOTION TO CONTINUE FILING DEADLINE AND COMPEL PRODUCTION OF DISCOVERY |

This matter comes before the Court on Defendant's motion to continue filing deadline or in the alternative to compel production of discovery (Dkt. No. 30). Having reviewed the motion, the Government's consolidated response (Dkt. No. 36), the Defendant's reply (Dkt. No. 38), and the Government's surreply (Dkt. No. 39), the Court DENIES Defendant's motion.

In relevant part, Rule 16(e) of the Federal Rules of Criminal Procedure states:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant.

The Court finds that an order compelling discovery is not justified at this time. Defendant does not assert that the production of discovery by the Government has been dilatory, nor that the parties are not working cooperatively with respect to the exchange of discovery. (Dkt. No. 30, at 2.) The Government asserts that discovery has been provided and "any additional discovery continues to be provided as it is received." (Dkt. No. 36, at 7.) Defendant offers no specific evidence that the Government has failed to meet its duty to turn over relevant reports by the Royal Canadian Mounted Police, or other relevant documents. Defendant also does not claim that the photographs it has received from the Government are not viewable. Absent any specific claims that the Government has failed to provide discovery in a timely fashion, Defendant's motion to compel discovery is DENIED.

The Court also DENIES Defendant's motion to extend the deadline for filing pretrial motions. Rule 45(b)(1) of the Federal Rules of Criminal Procedure states:

> When an act must or may be done within a specified period, the court on its own may extend the time, or for good cause my do so on a party's motion made: (A) before the originally prescribed or previously extended time expires; or (B) after the time expires if the party failed to act because of excusable neglect.

The Court finds that the "difficult logistics involved in coordinating Discovery review between defense counsel and the defendant" does not constitute good cause. (Dkt. No. 30, at 7.) Defendant has offered no persuasive evidence why the deadline should be extended. Defendant's motion to extend the deadline for filing pretrial motions is therefore DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 18th day of October, 2011.

Marsha J. Pechman
United States District Judge